UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAANA ANIL VEERELA**<br>4701 Stagger Brush Rd Apt 1721<br>Austin, TX 79749<br><br>**Plaintiff**<br><br>             -against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>**Defendant** | Case No.<br><br>**COMPLAINT** |

## INTRODUCTION

1. This is an action to hold unlawful and set aside the decision of the United States Citizenship and Immigration Services (USCIS) arbitrarily denying the plaintiff, Raana Anil Veerla's application to change his nonimmigrant status to student (F-1) on the grounds that the Form I-20 he filed with his application is no longer valid despite the complete absence of cognizable evidence or legal authority that this was in fact the case.

2. This is further to ask the Court to hold unlawful and set aside a concurrent decision of the USCIS to arbitrarily deny the plaintiff's application to extend his visitor status on the grounds that "your request for an extension of stay is not consistent with the B-2 temporary visitor for pleasure classification" when in fact the reason Mr. Veerla was requesting such an extension was to comply with the express dictates of the USCIS.

## JURISDICTION

1

3. This being an action under the Administrative Procedure Act, a law of the United States, this Court has original jurisdiction over this matter pursuant to 28 U. S. C. Section 1331.

**BRIEF STATEMENT OF RELEVANT FACTS**

4. On or before April 5, 2017, the USCIS released a memorandum entitled "Special Instructions for B-1/B-2 Visitors Who Want to Enroll in School".

5. In this memorandum, the USCIS instructed that B-1 or B-2 nonimmigrants who have applied to change their nonimmigrant status to F-1 that they:

> must maintain your B-1 or B-2 status while your Form I-539 is pending. You will need to file a second Form I-539, with a separate fee, to request an extension of your B-1 or B-2 status if: Your current status will expire more than 30 days before the initial F-1 or M-program start date.
> We may approve your Form I-539 change of status request only if you are maintaining your B-1/B-2 status up to 30days before your program's initial start date.If your status will expire more than 30 days before your F-1 or M-1 program's initial start date, you must file a second Form I-539 requesting to extend your B-1 or B-2 status. If you do not file this extension request on time, we will deny your Form I-539 request to change to F-1 or M-1 status. Please check our processing times to determine if youneed to file a request to extend your B-1/B-2 status.
> Your F-1 or M-1 program start date is deferred to the following academic term or semester because we did not make a decision on your Form I-539 change of status application before your originally intended F-1 program start date. You must file a second Form I-539 in order to bridge the gap in time between when your current status expires and the 30 day period before your new F-1 program start date.

6. On November 12, 2018, Raana Veerala, a citizen and national of India, was admitted to the United States as a business visitor (B-1) and authorized to remain to May 11, 2019.

7. On April 15, 2019, Mr. Veerala filed an application with the USCIS to change his nonimmigrant status in the United States to F-1, which was assigned file number SRC1990328724 by the USCIS.

8. On the same date, Mr. Veerala, seeing that it would be virtually impossible that the USCIS would adjudicate his change of status to F-1 within thirty (30) days of his B-1 status expiring, acted in compliance with the above-referenced USCIS memorandum by filing an application to change his nonimmigrant status in the United States from B-1 to B-2 so as to bridge the likely gap in time between when his current status expired and the 30 day period before the new F-1 program start date which was likely to be compelled by USCIS' failure to adjudicate his change of status before his current program start date.

9. His application to change status to B-2 was assigned file number SRC2090042519 by the USCIS.

10. With his application for change of status to F-1 Mr. Veerala included a form I-20, signed by Gloria Maresca, a designated school official of Schiller International University.

11. On August 22, 2019, the USCIS issued a request for evidence in connection with Mr. Veerala's application for change of nonimmigrant status stating, among other things,

> **I-20 Missing**
>
> To facilitate your request for a change to nonimmigrant student status, submit a properly issued Form I-20, Student and Exchange Visitor Information System (SEVIS) Certificate of Eligibility for Nonimmigrant Student Status from your school

12. Nowhere in the request was it indicated that the USCIS considered the Form I-20 submitted by Mr. Veerala in support of his application for change of nonimmigrant status to be invalid, as opposed to simply "missing".

13. On the same date, the USCIS issued a request for evidence in connection with Mr. Veerala's application to change nonimmigrant status to B-2.

14. On May 19, 2020, the USCIS issued a decision denying Mr. Veerala's application to change his nonimmigrant status to F-1.

15. The sole ground for that denial was "Your SEVIS record, N0030464422, shows that your status at Schiller University was changed to Canceled Withdraw on May 28, 2019. Therefore your SEVIS Form I-20 is no longer valid."

16. On the same date, the USCIS denied Mr. Veerala's application to change his nonimmigrant status to B-2.

17. The sole basis for that denial was that Mr. Veerala's reason for requesting an "extension of stay is not consistent with the B-2 temporary visitor for pleasure classification." That reason was to "bridge the gap until your F-1 is approved".

## CAUSES OF ACTION

### COUNT I

*THE DENIAL OF MR. VEERALA'S APPLICATION TO CHANGE HIS NONIMMIGRANT STATUS TO F-1 WAS NOT IN ACCORDANCE WITH LAW BECAUSE NO LAW OR REGULATION ALLOWS FOR THE INVALIDATION OF A FORM I-20 BASED UPON INFORMATION IN A "SEVIS RECORD"*

17. 5 U.S.C. § 706 provides in relevant part that:

> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
> …
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

18. The decision denying Mr. Veerala's application for change of nonimmigrant status to F-1 was not in accordance with law inasmuch as USCIS regulations do not provide that a Form I-20 may be invalidated, nor how or by whom.

4

19. In particular, USCIS regulations do not provide that the existence of a "SEVIS record,", regardless of what it purports to "show', constitutes a basis for invalidating a Form I-20.

20. Accordingly, the USCIS' denial of Mr. Veerala's application to change his nonimmigrant status to F-1 was not in accordance with law and should be held unlawful and set aside.

## COUNT II

*THE DENIAL OF MR. VEERALA'S APPLICATION TO CHANGE HIS NONIMMIGRANT STATUS TO F-1 WAS ARBITRARY AND CAPRICIOUS IN THAT IT WAS UNSUPPORTED BY SUBSTANTIAL EVIDENCE*

21. Even if USCIS regulations provided, in principle, that a Form I-20 may be invalidated by a University after its issuance, the mere existence of a record in SEVIS purporting to "show" the Mr. Veerala's "status" at Schiller International University was "cancelled / withdraw" is not substantial evidence that Mr. Veerala's I-20 was in fact invalidated by the University.

22. Upon information and belief, the administrative record contains no foundation to support the conclusion that the entry in the SEVIS record purporting to "cancel / withdraw" Mr. Veerala's status there was entered by a person authorized to so invalidate.

23. In fact upon information and belief the record is bereft of any evidence even of the existence of the so-called SEVIS system, much less who or what creates such records in it, or how they are created, or their significance, if any.

24. A decision which is unsupported by substantial evidence is arbitrary and capricious.

*Association of Data Processing Serv. Orgs. v. Board of Governors*, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J)

25. Accordingly, the decision denying Mr. Veerala's application for change of nonimmigrant status to F-1 should be held unlawful and set aside as arbitrary and capricious.

## COUNT III

5

*THE DENIAL OF MR. VEERALA'S APPLICATION FOR CHANGE OF NONIMMIGRANT STATUS TO B-2 WAS NOT IN ACCORDANCE WITH LAW BECAUSE WAITING FOR A CHANGES OF STATUS TO F-1 TO BE APPROVED IS CONSISTENT WITH THE B-2 TEMPORARY VISITOR FOR PLEASURE CLASSIFICATION.*

26. Remaining in the United States while waiting for a change of status to F-1 to be approved is consistent with the B-2 temporary visitor for pleasure classification inasmuch as the USCIS instructed applicants for change of status to F-1 to do just that in its "Special Instructions for B-1/B-2 Visitors Who Want to Enroll in School".

27. Accordingly, the USCIS' decision denying Mr. Veerala's application for change of nonimmigrant status to B-2 should be held unlawful and set aside as not in accordance with law.

COUNT IV

*THE DENIAL OF MR. VEERALA'S APPLICATION TO CHANGE HIS STATUS TO B-2 WAS NOT IN ACCORDANCE WITH LAW BECAUSE THE USCIS FAILED TO ADVISE HIM OF THE SEVIS RECORD WHICH WAS THE BASIS OF THE DENIAL PRIOR TO ITS DECISION*

24. 8 C.F.R. § **103.2(b)(16)(i) provides in relevant part that:**

> Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv).

25. The claim that "Your SEVIS record, N0030464422, shows that your status at Schiller University was changed to Canceled Withdraw on May 28, 2019. Therefore your SEVIS Form I-20 is no longer valid", to the extent that it provided a lawful basis for denying Mr. Veerala's application for change of nonimmigrant status to F-1, was derogatory information of which he was unaware.

26. Mr. Veerala was not advised of this fact and offered an opportunity to rebut the information and present information in his own behalf before the decision was rendered.

27. Paragraphs (b)(16)(ii), (iii), and (iv) of 8 C.F.R. § 103.2 are not relevant here.

28. Therefore the denial of Mr. Veerala's application for change of nonimmigrant status to B-2 should be held unlawful and set aside as not in accordance with law.

## CONCLUSION

Both the Decisions complained of in this action were not in accordance with law and/or arbitrary and so should be held unlawful and set aside. Further, inasmuch as the USCIS' unlawful decisions have unreasonably delayed a proper adjudication in this matter, the agency should be compelled to render a lawful decision in both matters within no more than thirty (30) days of the date of this Court's Order. 5 U.S.C. § 706(1).

Respectfully Submitted this ___ day of September, 2020

/s/ *Michael E. Piston*
Michael E. Piston  (MI 002)
Attorney for the Plaintiff
Immigration Law Offices of Los Angeles, P.C.
(Manhattan Office)
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email:michaelpiston4@gmail.com