UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **RAANA ANIL VEERELA**<br>4701 Stagger Brush Rd Apt 1721<br>Austin, TX 79749<br><br>**Plaintiff**<br><br>-against-<br><br>**UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES**<br>20 Massachusetts Ave NW,<br>Washington DC 20529<br><br>**Defendant** | **Case No.**<br><br>**STATEMENT OF THE SPECIFIC POINTS OF LAW AND AUTHORITY IN SUPPORT OF PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION** |

### INTRODUCTION AND SUMMARY

Plaintiff, Raana Veerala, has applied to the Court for a preliminary injunction pursuant to 5 U.S.C. § 705, to postpone the effectiveness of the denial of his applications for change of nonimmigrant status from Business Visitor (B-1) to Foreign Student (F-1) and to Visitor for Pleasure (B-2). See Exhibits A and B. Postponement of the effectiveness of these decisions is necessary to prevent Mr. Veerala from suffering irreparable harm inasmuch as the failure to postpone them will require him to depart the U.S. to avoid the threat of arrest, forced removal and future long term inadmissibility to the United States.

Further, Mr. Veerala is highly likely to succeed in this action inasmuch as these decisions were both not in accordance with law in that they are premised upon non-existent provisions of law, disregarded USCIS policy memorandums and openly flouted a duly promulgated regulation, and arbitrary in that the former of the decisions was entirely unsupported by substantial, or any, relevant evidence. Accordingly, it is highly likely that at the close of this litigation this Court will find both decisions unlawful and set them aside.

REQUIREMENTS FOR POSTPONEMENT OF THE EFFECTIVENESS OF AN AGENCY DECISION

5 U.S.C. § 705 provides that:

> On such conditions as may be required and to the extent necessary to prevent irreparable injury, the reviewing court, including the court to which a case may be taken on appeal from or on application for certiorari or other writ to a reviewing court, may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceedings.

It is not clear what the appropriate legal standard is for granting such a postponement. On its face, the statute seems to require only a showing that postponement is necessary to prevent irreparable harm. Some, but not all, courts have held the standard for the grant of such a postponement is the same as for a preliminary injunction. *Compare Valona v. United States*, 165 F.3d 508, 511 (7th Cir.1998) (showing of irreparable harm sufficient to have administrative order postponed) with *State of Ohio ex rel. Celebrezze v. Nuclear Regulatory Comm'n*, 812 F.2d 288 (6th Cir.1987) (requiring the same standards to postpone an administrative decision as for a preliminary injunction). There do not appear to be any D.C. Circuit or Supreme Court decisions setting forth the appropriate standard for postponement of the effectiveness of an administrative decision.

Although construing section 705 as requiring the same showing as a preliminary injunction appears both contrary to its plain language and to render it superfluous, even assuming that this is the standard, the plaintiff satisfies it.

On a motion for a preliminary injunction, the district court must balance four factors: (1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) substantial harm to the non-movant, and (4) public interest. *Davis v. Pension*

*Benefit Guar. Corp.,* 571 F.3d 1288, 1291 (D.C. Cir. 2009).[1] As we will show, Mr. Veerala easily meet each of these standards.

  I.   MR. VEERALA HAS AT LEAST A SUBSTANTIAL LIKELIHOOD OF SUCCESS ON THE MERITS

**A. THE COURT HAS SUBJECT JURISDICTION OVER THIS ACTION.**

Being a civil action against the United States arising under the Administrative Procedure Act, 5 U.S.C. § 701, *et. seq.,* a law of the United States, original jurisdiction over this matter is vested in this Court by 28 U.S.C. § 1331.

**B.  THE PLAINTIFF HAS STANDING TO BRING THIS ACTION**

As will be shown the plaintiff is suffering and will continue suffer substantial irreparable harm as a result of this decision unless and until its effectiveness its postponed and/or it held unlawful and set aside. Accordingly, he has standing to complain of this action. *Stellar IT Sols., Inc. v. United States Citizenship & Immigration Servs*., 2018 U.S. Dist. LEXIS 196284, 2018 WL 6047413 (D.C.D.C. Nov. 19, 2018).

---

[1] In *Davis* the Court noted that "(t)he Supreme Court has recently addressed the standard for a preliminary injunction. *See Winter v. NRDC*, 129 S. Ct. 365, 375 (2009) (holding that irreparable injury must be likely, 'not just a possibility'). We note that the analysis in *Winter* could be read to create a more demanding burden, although the decision does not squarely discuss whether the four factors are to be balanced on a sliding scale. *See id.* at 392 (Ginsburg, J., dissenting) ('[C]ourts have evaluated claims for equitable relief on a '"sliding scale,"' sometimes awarding relief based on a lower likelihood of harm when the likelihood of success is very high. This Court has never rejected that formulation, and I do not believe it does so today.')." Here as in *Davis* this Court need not decide which standard applies because plaintiff succeeds even without considering the "sliding scale" analysis of *Davenport*.

Further, as the D.C. Circuit Court of Appeals said in finding that the beneficiary of a labor certification filed by a potential employer had standing to seek judicial review under the Administrative Procedure Act (APA) of its denial, even though the prospective employer was not a party to the action:

> neither the statute's text, structure, nor legislative history supplies the requisite "clear and convincing evidence" of a preclusive purpose. *Abbott Labs. v. Gardner*, 387 U.S. 136, 141, 18 L. Ed. 2d 681, 87 S. Ct. 1507 (1967); *see also Shook v. District of Columbia Fin. Responsibility & Management Assistance Auth.*, 328 U.S. App. D.C. 74, 132 F.3d 775, 778-79 (D.C. Cir. 1998). Unlike in *Block v. Community Nutrition Inst.*, 467 U.S. 340, 348, 81 L. Ed. 2d 270, 104 S. Ct. 2450 (1984), for example, where the statute itself set forth a regulatory regime that omitted mention of certain parties, giving rise to an inference that those parties were precluded from litigating in court, *see Block*, 467 U.S. at 349, there is no indication here that Congress itself considered the mechanism by which the Secretary of Labor would make labor certification decisions, or how (and at the request of whom) such decisions would be reviewable in the federal courts. And while the legislative history indicates that Congress intended to restrict further the admission of alien workers when it amended the statute in 1965, *see* S. REP. No. 748, 89th Cong., 1st Sess. (1965), *reprinted in* 1965 U.S. CODE CONG. & ADMIN. NEWS 3328, 3333, that does not speak to the question whether the class of aliens deserving of admission under the statute have standing to challenge in court the Secretary's decision to the contrary. The regulatory regime is completely a creation of the Labor Department's regulations, and under the Administrative Procedure Act, it is only statutes, not agency regulations, that can preclude otherwise available judicial review. *See* 5 U.S.C. § 701(a)(1); *Gladysz*, 595 F. Supp. at 53-54. In light of the presumption of judicial review, *see McNary v. Haitian Refugee Ctr., Inc.*, 498 U.S. 479, 496 (1991); *Bowen v. Michigan Academy of Family Physicians*, 476 U.S. 667, 670 (1986), we cannot conclude (despite our suspicions) that Congress intended to preclude the alien from challenging labor certification denials without the alien's employer. *See Block*, 467 U.S. at 351 (holding that, where substantial doubt about congressional intent exists, the general presumption favoring judicial review is controlling).

*Ramirez v. Reich*, 156 F.3d 1273, 1276 (1998)

Here likewise neither the INA's text, structure nor legislative history supplies the requisite "clear and convincing purpose" of an intent to preclude an applicant for a change of nonimmigrant status visa from seeking judicial review of a denial of that application. Therefore the plaintiff has standing to bring this action.

**C. PLAINTIFF HAS NO ADMINISTRATIVE REMEDIES TO EXHAUST**

The beneficiary has no right to administratively appeal a USCIS denial of an application to change his nonimmigrant status. 8 C.F.R. § 248.1(b). Therefore he cannot be said to have failed to exhaust his administrative remedies, because he has none.

**D. THE DENIAL OF MR. VEERALA'S APPLICATION TO CHANGE HIS NONIMMIGRANT STATUS TO F-1 WAS NOT IN ACCORDANCE WITH LAW BECAUSE NO LAW OR REGULATION ALLOWS FOR THE INVALIDATION OF A FORM I-20 BASED UPON INFORMATION IN A "SEVIS RECORD"**

> 5 U.S.C. § 706 provides in relevant part that:
> To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—
>
> …
>
> **(2)** hold unlawful and set aside agency action, findings, and conclusions found to be—
> **(A)** arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

The decision denying Mr. Veerala's application for change of nonimmigrant status to F-1 was not in accordance with law inasmuch as USCIS regulations do not provide that a Form I-20 may be invalidated, nor how or by whom.. In particular, USCIS regulations do not provide that the existence of a "SEVIS record,", regardless of what it purports to "show', constitutes a basis for invalidating a Form I-20. Accordingly, the USCIS' denial of Mr. Veerala's application to change his nonimmigrant status to F-1 was not in accordance with law and should be held unlawful and set aside.

**E. THE DENIAL OF MR. VEERALA'S APPLICATION TO CHANGE HIS NONIMMIGRANT STATUS TO F-1 WAS ARBITRARY AND CAPRICIOUS IN THAT IT WAS UNSUPPORTED BY SUBSTANTIAL EVIDENCE**

Even if USCIS regulations provided, in principle, that a Form I-20 may be invalidated by a University after its issuance, the mere existence of a record in SEVIS purporting to "show" that Mr. Veerala's "status" at Schiller International University was "cancelled / withdraw" is not substantial evidence that Mr. Veerala's I-20 was in fact invalidated by the University.

Upon information and belief, the administrative record contains no foundation to support the conclusion that the entry in the SEVIS record purporting to "cancel / withdraw" Mr. Veerala's status there was entered by a person authorized to so invalidate. In fact, upon information and belief, the record is bereft of any evidence even of the existence of the so-called SEVIS system, much less who or what creates such records in it, or how they are created, or their significance, if any.

A decision which is unsupported by substantial evidence is arbitrary and capricious. *Association of Data Processing Serv. Orgs. v. Board of Governors*, 745 F.2d 677, 683 (D.C. Cir. 1984) (Scalia, J)

Accordingly, the decision denying Mr. Veerala's application for change of nonimmigrant status to F-1 is highly likely to be held unlawful and set aside as arbitrary and capricious.

**F. THE DENIAL OF MR. VEERALA'S APPLICATION FOR CHANGE OF NONIMMIGRANT STATUS TO B-2 WAS NOT IN ACCORDANCE WITH LAW BECAUSE WAITING FOR A CHANGE OF STATUS TO F-1 TO BE APPROVED IS CONSISTENT WITH THE B-2 TEMPORARY VISITOR FOR PLEASURE CLASSIFICATION.**

Remaining in the United States while waiting for a change of status to F-1 to be approved is consistent with the B-2 temporary visitor for pleasure classification inasmuch as the USCIS instructed applicants for change of status to F-1 to do just that in its "Special Instructions for B-1/B-2 Visitors Who Want to Enroll in School". Accordingly, the USCIS' decision denying Mr.

Veerala's application for change of nonimmigrant status to B-2 is highly likely to be held unlawful and set aside as not in accordance with law.

**G. THE DENIAL OF MR. VEERALA'S APPLICATION TO CHANGE HIS STATUS TO B-2 WAS NOT IN ACCORDANCE WITH LAW BECAUSE THE USCIS FAILED TO ADVISE HIM OF THE SEVIS RECORD WHICH WAS THE BASIS OF THE DENIAL PRIOR TO ITS DECISION**

8 C.F.R. § **103.2(b)(16)(i) provides in relevant part that:**

> Derogatory information unknown to petitioner or applicant. If the decision will be adverse to the applicant or petitioner and is based on derogatory information considered by the Service and of which the applicant or petitioner is unaware, he/she shall be advised of this fact and offered an opportunity to rebut the information and present information in his/her own behalf before the decision is rendered, except as provided in paragraphs (b)(16)(ii), (iii), and (iv).[2]

The claim that "Your SEVIS record, N0030464422, shows that your status at Schiller University was changed to Canceled Withdraw on May 28, 2019. Therefore your SEVIS Form I-20 is no longer valid", to the extent that it provided a lawful basis for denying Mr. Veerala's application for change of nonimmigrant status to F-1, was derogatory information of which he was unaware. Mr. Veerala was not advised of this fact and offered an opportunity to rebut the information and present information in his own behalf before the decision was rendered.

Therefore it is highly likely that the denial of Mr. Veerala's application for change of nonimmigrant status to B-2 will be held unlawful and set aside as not in accordance with law.

**II. MR. VEERALA WILL SUFFER IRREPARABLE HARM IF AN INJUNCTION IS NOT ISSUED**

Mr. Veerala will suffer irreparable harm if the effectiveness of the USCIS's decisions is not postponed because that decision denying his application for extension of stay rendered him

---

[2] Paragraphs (b)(16)(ii), (iii), and (iv) have no relevance to the events giving rise to this action.

"unlawfully present" in the United States. **Adjudicator's Field Manual** § 40.9.2(b)(2)(G). *See Ruiz-Diaz v. United States*, No. C07-1881RSL, 2008 U.S. Dist. LEXIS 79217, 2008 WL 3928016, at *2 (W.D. Wash. Aug. 21, 2008) (holding that "halting the accrual of unlawful presence time … for . . . class members" would "prevent irreparable harm to class members and their families").

Further, a person who is unlawfully present in the U.S. for over 180 days, then departs, will be inadmissible for three (3) years. 8 USC § 1182(a)(9)(B)(i)(I). If he is unlawfully present for a year or more, then departs, Mr. Veerala will be inadmissible for ten (10) years. § 1182(a)(9)(B)(i)(II). Therefore, to avoid becoming inadmissible, he will be required to depart the United States no later than November 15, 2020, long before this action is likely to be decided in the normal course of events, and not allowing for further delays if this matter is remanded to USCIS for additional action as is often the case.

Finally, inasmuch as departing the United States automatically abandons one's application for change of nonimmigrants status, this departure would moot this lawsuit, depriving Mr. Veerala of his right to seek an extension of change status under 8 USC § 1158 and 8 CFR § 248, and so cause him irreparable harm. *See Vargas v. Meese*, 682 F. Supp. 591, 595 (D.D.C. 1987) ("The Court holds that plaintiffs have shown that without an injunction, they will be irreparably harmed. Under the SAW program, according to the plain language of the statute, applicants may file for a change of status in the United States. That statutory right to file will be mooted if their applications are not accepted in this country."), *United States SEC v. Daspin*, 557 Fed. Appx. 46,49 (2d. Cir. 2014) ("A stay may be used to preserve a possibly meritorious appeal. *See In re Agent Orange Product Liability Litig.*, 804 F.2d 19, 20 (2d Cir.1986)").

III.     DEFENDANT WILL SUFFER NO HARM FROM THE GRANT OF POSTPONEMENT

Further, the balance of equities tip strongly in the plaintiff's favor in that although he will suffer irreparable harm if the effectiveness of the denials is not postponed, if there is any harm to the defendant at all, it is minimal. *See Ortega-Peraza v. Ilchert*, No. C-92-4972 MHP, 1993 U.S. Dist. LEXIS 2195, at *15 (N.D. Cal. Feb. 26, 1993) ("On the other hand, the burden on the defendants that would result from prohibiting their withholding of employment authorization from Ortega-Peraza is minimal."). Here postponing the effectiveness of the denial of Mr. Veerala's applications does not even put the USCIS to the minimal burden that would have been imposed upon its predecessor by requiring it to grant employment authorization to Mr. Ortega-Peraza. In fact the proposed postponement requires the agency to literally do nothing, and so imposes no harm upon it whatsoever.

III.   THE PUBLIC INTEREST FAVORS POSTPONEMENT

Finally, the public interest favors a postponement of the effectiveness of the denial of the decisions as there is a public interest in just judgments. *Arizona v. Washington*, 434 U.S. 497, 510 (1978). Since a failure to postpone the effectiveness of these decisions is likely to cause Mr. Veerala to leave the country before the case is completed, either to avoid the unlawful presence bar, avoid arrest and prolonged detention, or simply to avoid starvation, thereby mooting this lawsuit before the defendant's unjust judgment in this matter is replaced with a just one, accordingly the grant of a postponement is in the public interest.

CONCLUSION

This Court should postpone the effectiveness of the denial of Mr. Veerala's applications for change of nonimmigrant status so that he may lawfully remain in the U.S. while this action

is being litigated. The Court's order should also indicate that the postponement is effective the date of the denials so that Mr. Veerala will not suffer any accrued unlawful presence, and that he will be treated as any other nonimmigrant with an application for change of status pending upon his behalf

Respectfully Submitted this ___ day of September, 2020.

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon the defendant in this action by sending it by certified mail today to the following addresses:

United States Citizenship and Immigration Services
c/o Attorney General
US Department of Justice
950 Pennsylvania Avenue NW
Washington DC 20530

United States Citizenship and Immigration Services
20 Massachusetts Ave NW
Washington DC 20529

And by effecting personal service (per consent of the United States Attorney's Office) by United Parcel Service, overnight delivery to:

United States Citizenship and Immigration Services
c/o Civil Process Clerk
United States Attorney's Office
555 4th St NW, Washington, DC 20530

/s/ *Michael E. Piston*
Michael E. Piston  (MI 002)
Attorney for the Plaintiff
Immigration Law Offices of Los Angeles, P.C.
(Manhattan Office)
225 Broadway, Suite 307
New York, NY, 10007
Ph: 646-845-9895
Fax: 206-770-6350
Email:michaelpiston4@gmail.com