May 19, 2020

U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
Texas Service Center
PO BOX 852381
Mesquite, TX 75185-2381



U.S. Citizenship
and Immigration
Services

RAANA ANIL VEERELA
c/o RAANA ANIL VEERELA
4701 STAGGER BRUSH RD APT 1721
AUSTIN, TX 78749



SRC1990328723

RE: RAANA ANIL VEERELA
I-539N, Application to Extend/Change Nonimmigrant Status

## DECISION

On April 15, 2019, you filed a Form I-539, Application to Extend/Change Nonimmigrant Status with U.S. Citizenship and Immigration Services (USCIS). After careful review and consideration of the entire record, your Form I-539 is denied for the reason(s) discussed below.

To qualify for an extension of stay as a B nonimmigrant, you must establish that your proposed activities are consistent with your classification and that you meet the eligibility requirements. Pursuant to 8 CFR, 214.1(c)(5), approval of a requested extension of stay may be granted at the discretion of USCIS:

> Where an applicant or petitioner demonstrates eligibility for a requested extension, it may be granted at the discretion of the Service. There is no appeal from the denial of an application for extension of stay filed on Form I-129 or I-539.

Section 101(a)(15)(B) of the Immigration and Nationality Act (INA) defines a B nonimmigrant as follows:

> an alien (other than one coming for the purpose of study or of performing skilled or unskilled labor or as a representative of foreign press, radio, film, or other foreign information media coming to engage in such vocation) having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business or temporarily for pleasure.

Title 22, Code of Federal Regulations (22 CFR), section 41.31(b)(1), defines the term "business" to mean:

> ...conventions, conferences, consultations and other legitimate activities of a commercial or professional nature. It does not include local employment or labor for hire.

22 CFR 41.31(b)(2) defines the term "pleasure" to mean:

> ...legitimate activities of a recreational character, including tourism, amusement, visits with

Scanned with CamScanner

friends or relatives, rest, medical treatment, and activities of a fraternal, social, or service nature.

Title 8 CFR 214.1(c)(4) specifies that:

> An extension of stay may not be approved for an applicant who failed to maintain the previously accorded status or where such status expired before the application or petition was filed, except that failure to file before the period of previously authorized status expired may be excused in the discretion of the Service and without separate application...

On April 15, 2019, you filed Form I-539 seeking an extension of your period of authorized stay until November 11, 2019 and on October 30, 2019 you filed Form I-539 seeking an extension of your period of authorized stay until May 10, 2020. Official records reflect that on April 15, 2019, you filed another Form I-539 (USCIS receipt number SRC1990328724 on which you are seeking a change of status to F-1 nonimmigrant classification. It appears from these filings that you intend to remain in the United States to embark on a course of academic study for a term or semester scheduled to begin on May 06, 2019. Your SEVIS record, N003046442, shows that your status at Schiller International University was changed to Canceled Withdrawn on May 28, 2019. Therefore, your SEVIS Form I-20 is no longer valid.

On August 22, 2019, USCIS sent you a request for evidence (RFE) asking that you submit additional evidence regarding your request for an extension of stay.

On September 24, 2019, USCIS received your response to the RFE. You stated in your response that you have been admitted to Schiller University to pursue your Master's degree in Information Technology and that your reason for applying for an extension as a B2, Visitor for Pleasure, is to bridge the gap until your F-1 is approved.

USCIS has determined that you failed to meet the definition of a B nonimmigrant at the time you applied for your nonimmigrant visa and/or applied for admission to the United States. As noted in the precedent decision of *Matter of Healy and Goodchild*, 17 I&N. Dec 22 (BIA 1979), the B nonimmigrant category is not a catch-all classification to be used for whatever purpose an alien wishes, but instead is a defined classification, with specific requirements, including possession of a bona fide nonimmigrant intent at the time of your admission to the United States in B classification. Official records indicate that you lacked the requisite bona fide intent for a B nonimmigrant visitor prior to and at the time of your admission to the United States.

As a result, your request for an extension of stay is not consistent with the B2 Temporary Visitor For Pleasure classification.

Therefore, your application is denied. This decision is without prejudice to consideration of subsequent applications to extend/change nonimmigrant status filed with USCIS. This decision may not be appealed. However, if you disagree with this decision, or if you have additional evidence that shows this decision is incorrect, you may submit a motion to reopen or a motion to reconsider by completing a Form I-290B, Notice of Appeal or Motion. A motion to reopen must state the new facts to be considered and must be supported by affidavits or other new documentary evidence. A motion to reconsider must show that the decision was legally incorrect according to statute, regulation, and/or precedent decision.

The motion must be filed within 33 days from the date of this notice. You must send your completed

Scanned with CamScanner

Form I-290B and supporting documentation with the appropriate filing fee to:

USCIS 290B
PO Box 21100
Phoenix, AZ 85036

To obtain the Form I-290B, visit www.uscis.gov/forms. For the latest information on filing location, fee, and other requirements, refer to the Form I-290B instructions; review 8 CFR 103.3 and/or 103.5; call our USCIS Contact Center at 1-800-375-5283; or visit your local USCIS office.

## WARNING CONCERNING UNLAWFUL PRESENCE

Please be aware that, under section 212(a)(9)(B) of the Immigration and Nationality Act (INA), an alien who accrues more than 180 days of unlawful presence in the United States, and then departs, is inadmissible to the United States for a period of either three years or ten years.

You may remain in your current nonimmigrant status until the expiration date indicated on your Form I-94, Arrival-Departure Record. However, if the date listed on your Form I-94 has already passed, this Notice of Decision may leave you without lawful immigration status and you may be present in the United States in violation of the law.

## OVERSTAY WARNING

The evidence of record shows that, when you filed your application, you were lawfully present in the United States as a nonimmigrant. Your period of authorized stay as a nonimmigrant has not yet expired. You are authorized to remain in the United States until that date (or any further extension). However, you must continue to comply with all the conditions that apply to your nonimmigrant admission, including any prohibition against engaging in employment that may apply to your nonimmigrant status.

Sincerely,

*[signature: Gregory Richardson]*

Gregory A. Richardson
Director, Texas Service Center
Officer: XM0139

Scanned with CamScanner